11-4910
Jiang v. Holder

BIA
Balasquide, IJ
A087 462 759

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of August, two thousand twelve.

PRESENT:
> JON O. NEWMAN,
> ROBERT A. KATZMANN,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

NA JIANG,
> *Petitioner,*

> v.                                            11-4910
>                                               NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Troy Nader Moslemi, Moslemi &
                         Associates, Inc., New York, N.Y.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Anthony C. Payne,
                         Senior Litigation Counsel; Tiffany L.
                         Walters, Trial Attorney, Office of
                         Immigration Litigation, United States
                         Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Na Jiang, a native and citizen of the People's Republic of China, seeks review of an October 28, 2011, decision of the BIA affirming the March 10, 2010, decision of Immigration Judge ("IJ") Javier E. Balasquide denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Na Jiang*, No. A087 462 759 (B.I.A. Oct. 28, 2011), aff'g No. A087 462 759 (Immig. Ct. N.Y. City Mar. 10, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions. *See Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications, like Jiang's, that are governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum

2

applicant's demeanor, the plausibility of her account, and inconsistencies in her or her witness's statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Further, under the REAL ID Act, this Court "defer[s] to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F. 3d at 167.

In this case, as the agency reasonably found, Jiang's testimony was internally inconsistent in that she provided two different dates for her arrest in China. As the agency noted, Jiang's testimony also was internally inconsistent and inconsistent with the testimony of her witness, Pastor Qi, regarding when the pastor had last seen Jiang at church. Further, the agency reasonably found that Jiang's testimony was inconsistent with Pastor Qi's testimony regarding whether Pastor Qi had required her to sign a  letter before agreeing to testify at Jiang's hearing. The agency reasonably declined to accept Jiang's explanations for the inconsistencies because "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief;

3

he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (emphasis in original) (internal quotation marks omitted).

Given the inconsistencies identified by the agency, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Accordingly, the agency did not err in denying asylum, withholding of removal, and CAT relief, as all of the claims were based on the same factual predicate for which Jiang was found not credible. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4